# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ANDRE JAMES HARRIS,                                                                    PLAINTIFF
ADC #144001

v.                                      5:13CV00284-JLH-JJV

LYDIA E. WILLIAMS                                                                       DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

Andre James Harris ("Plaintiff"), an inmate of the Arkansas Department of Corrections ("ADC"), filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Specifically, he alleges that he was sexually assaulted and subjected to harassment and threats of retaliation by Defendant Williams (Doc. No. 6).[1] The Court has tried unsuccessfully to serve Defendant Williams (Doc. Nos. 18, 28). In excess of 120 days have passed since the filing of the initial Complaint without service on Defendant Williams. The Court therefore finds it appropriate to dismiss Defendant Williams without prejudice.

### II. FACTS

Plaintiff commenced this action on September 3, 2013 (Doc. No. 2). On November 12, 2013, the Court found service appropriate for all defendants (Doc. No. 13). On January 8, 2014, Summons were returned unexecuted for Defendant Williams (Doc. No. 18). Accordingly, on March 6, 2014,

---

[1] Lydia E. Williams is the only remaining defendant. Defendant Edward Jackson was dismissed on March 5, 2014 (Doc. No. 23).

the Court entered an Order directing counsel for Defendant Jackson[2] to provide a forwarding address for Defendant Williams if known and, if no address was known, for Plaintiff to provide a current address (Doc. No. 24). In that Order, Plaintiff was notified that failure to serve Defendant Williams within 120 days of filing the initial Complaint would result in dismissal of this action without prejudice (*Id.*).

On March 11, 2014, counsel for Defendant Jackson filed a response noting that he had apprised the Court of Defendant Williams' last known address (Doc. No. 25). Service was ordered for that address (Doc. No. 27), but on June 25, 2014, the Summons was again returned unexecuted (Doc. No. 28).

### III. ANALYSIS

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within one hundred twenty (120) days after the filing of the complaint, the Court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant. Well in excess of 120 days have passed since Plaintiff's initial Complaint was filed and Defendant Williams has not been served. Notice was provided to Plaintiff on March 6, 2014 (Doc. No. 24). Accordingly, the Court recommends dismissal of Defendant Williams without prejudice. As Defendant Williams is the lone defendant in this case, her dismissal results in the dismissal of Plaintiff's entire cause of action without prejudice.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.     Defendant Williams be DISMISSED without prejudice;

---

[2]As noted above, Defendant Jackson was dismissed on March 5, 2014 (Doc. No. 23).

  2.  Plaintiff's cause of action be DISMISSED without prejudice;

  3.  The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

  DATED this 7th day of July, 2014.

               _____
               JOE J. VOLPE
               UNITED STATES MAGISTRATE JUDGE